UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST BANK, an Idaho chartered bank,<br><br>    Plaintiff,<br><br>v.<br><br>UNIFIRE, INC., a Washington corporation; and MISSION READY SOLUTIONS, INC., a Canadian Public Traded Company,<br><br>    Defendants. | Case No. 1:23-cv-00077-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court is Plaintiff's unopposed motion for summary judgment. (Dkt. 24.) Having reviewed the record and the materials filed in support of the motion, the Court finds that the facts and legal arguments are adequately presented and oral argument is unnecessary. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons that follow, the Court will grant Plaintiff's motion for summary judgment.[1]

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge to hear and decide all matters in this case. (Dkt. 23.)

**MEMORANDUM DECISION AND ORDER  - 1**

## PROCEDURAL HISTORY

On February 22, 2023, Northwest Bank filed a complaint against Unifire, Inc. and Mission Ready Solutions, Inc. ("Defendants") for breach of contract. (Compl., Dkt. 1.) The case involves a business loan extended by Northwest Bank to Defendants in December of 2021, in the principal amount of $6,000,000.00, which was secured by a promissory note. Defendants also executed a cash collateral agreement.

Appearing through counsel, Defendants filed an answer on May 9, 2023. (Ans., Dkt. 19.) Following a telephonic scheduling conference, the Court entered a scheduling order. (Dkt. 20, 21.) On July 12, 2023, Northwest Bank filed a motion for summary judgment. (Dkt. 24.) Thereafter, Defendants' counsel filed a motion to withdraw, which was granted on August 1, 2023. (Dkt. 30, 32.) On August 28, 2023, Northwest Bank filed affidavits of service indicating that the Court's order granting leave to withdraw was served on Defendants on August 9, 2023. (Dkt. 33, 34.) It has been more than twenty-one days since Northwest Bank filed proof of service.[2] Defendants have not appeared through newly appointed counsel.

## FACTS

According to Northwest Bank's statement of facts (Dkt. 26), the following facts are undisputed.

On or about December 29, 2021, Defendants Unifire, Inc. ("Unifire") and Mission Ready Solutions, Inc. ("Mission Ready") executed and delivered to Northwest Bank a

---

[2] The 21-day period expired on September 18, 2023.

**MEMORANDUM DECISION AND ORDER - 2**

Business Loan Agreement (the "Business Loan Agreement") and Promissory Note (the "Note") in the principal amount of $6,000,000.00 (the "Loan"). Compl. ¶ 6; Ans. ¶ 6. (Dkt. 1, 19.) Decl. of McGee ("McGee Decl."), ¶ 2, Exs. 1 and 2. (Dkt. 27.) As security for the Loan, Defendants executed and delivered to Northwest Bank a Pledge of Cash Collateral Agreement pursuant to which Defendants granted Northwest Bank a security interest in a deposit account held with Northwest Bank (the "Reserve Account"). Compl. ¶ 6; Ans. ¶ 6; McGee Decl., ¶ 3, Ex. 3.

Pursuant to the terms of the Pledge of Cash Collateral Agreement, Defendants were required to maintain a minimum balance of $800,000.00 in the Reserve Account so long as the Loan remained in effect and was outstanding. Compl. ¶ 6; Ans. ¶ 6; McGee Decl., ¶3, Ex. 3 at § 1.2 (Reserve Account minimum balance and replenishment requirement). Defendants were required to replenish the Reserve Account in the event of a reduction of the balance within thirty (30) calendar days and failure to do so would be deemed a material default of the Loan. McGee Decl., ¶ 3, Ex. 3 at § 1.2.

The Business Loan Agreement required Mission Ready to maintain a minimum liquidity across all of its accounts as follows: $300,000.00 USD as of March 31, 2022; $600,000.00 USD as of June 30, 2022; $900,000.00 USD as of September 30, 2022; and $1,200,000.00 USD as of December 31, 2022 and each quarter thereafter during the life of the Loan (the "Liquidity Requirement"). Compl. ¶ 7; Ans. ¶ 7; McGee Decl., ¶ 4, Ex. 1 at § 4.4 (Liquidity Requirement).

The Business Loan Agreement, Note, and Pledge of Cash Collateral Agreement (the "Loan Documents") provided that, for consideration of the Loan, Defendants must

**MEMORANDUM DECISION AND ORDER  - 3**

commence paying monthly installment payments of principal and interest on February 1, 2022, in the amount of $87,651.33 for a period of fifty-nine (59) months, until January 1, 2027 (the "Maturity Date"). McGee Decl., ¶ 5, Ex. 2 at 1.

Under the Loan Documents, events of default included failure to make any payment when due under the Loan, failure to comply with or to perform any other term, obligation, covenant or condition contained in the Loan Documents, false statements, death or insolvency, and creditor or forfeiture proceedings. McGee Decl., Ex. 1 at § 7 (Events of Default). In any event of default, the related Business Loan Agreement would terminate and Northwest Bank, at its option, could declare all indebtedness immediately due, without notice to the borrower (except in the event of insolvency). McGee Decl., Ex. 1 at § 8 (Effect Of An Event of Default).

Defendants defaulted on the Loan Documents by failing to make the monthly Loan payment on September 1, 2022, when due. McGee Decl., ¶ 6, Ex. 1 at § 7, Ex. 4 at Recitals (B) (executed Forbearance Agreement acknowledging that Defendants defaulted under the terms of the Loan Documents based on Defendants' failure to make the September 1, 2022 payment when due).

On September 27, 2022, Northwest Bank and Defendants entered into a Forbearance Agreement (the "Forbearance Agreement"), pursuant to which Northwest Bank agreed to deduct funds from the Reserve Account for the purposes of paying the September 1, 2022 Loan payment, plus additional fees contingent upon Defendants replenishing the Reserve Account up to a minimum balance of $800,000.00 within thirty (30) days of the date of the Forbearance Agreement. Defendants were additionally

**MEMORANDUM DECISION AND ORDER  - 4**

required to continue making timely payments due on the Loan. Compl. ¶ 8; Ans. ¶ 8; McGee Decl., ¶7, Ex. 4 at § 1 (The Workout).

Defendants defaulted on the Forbearance Agreement as follows:

(1) Mission Ready failed to meet the September 30, 2022 Liquidity Requirement of $900,000.00. McGee Decl., ¶ 8(a), Ex. 1 at §§ 4.4 (Liquidity Requirement), 7.2 (detailing events of default), Ex. 4 at § 2.1 (Forbearance Agreement events of default), Ex. 5 at Recitals (C) (executed First Amendment to Forbearance Agreement acknowledging that Defendants defaulted on Forbearance Agreement);

(2) Defendants failed to make the monthly Loan payment on October 1, 2022, when due. McGee Decl., ¶ 8(b), Ex. 1 at § 7.2 (detailing events of default), Ex. 4 at § 2.1 (Forbearance Agreement events of default), Ex. 5 at Recitals (C) (executed First Amendment to Forbearance Agreement acknowledging that Defendants defaulted on Forbearance Agreement); and,

(3) Defendants failed to replenish the Reserve Account by October 27, 2022, as required by the Forbearance Agreement. McGee Decl., ¶ 8(c), Ex. 1 at § 7.2 (detailing events of default), Ex. 3 at § 1.2 (Reserve Account minimum balance and replenishment requirement), Ex. 4 at § 2.1 (Forbearance Agreement events of default), Ex. 5 at Recitals (C) (executed First Amendment to Forbearance Agreement acknowledging that Defendants defaulted on Forbearance Agreement).

On October 28, 2022, Northwest Bank and Defendants entered into a First Amendment to the Forbearance Agreement (the "First Amendment"), pursuant to which Northwest Bank agreed to deduct additional funds from the Reserve Account for

**MEMORANDUM DECISION AND ORDER - 5**

purposes of paying the October 1, 2022 Loan payment, plus additional fees contingent upon Defendants replenishing the Reserve Account up to a minimum balance of $800,000.00 within thirty (30) days of the date of the First Amendment. Compl. ¶ 10; Ans. ¶ 10; McGee Decl., ¶ 9, Ex. 5 at § 2. The First Amendment additionally required Mission Ready to cure the Liquidity Requirement of $900,000.00 (as of September 30, 2022) by November 19, 2022. Compl. ¶ 10; Ans. ¶ 10; McGee Decl., ¶ 9, Ex. 5 at § 3. Last, Defendants were required to continue making timely payments due on the Loan. Compl. ¶ 10; Ans. ¶ 10; McGee Decl., ¶ 9, Ex. 5 at § 6.2.

Defendants defaulted on the First Amendment as follows:

(1) Defendants failed to make the monthly Loan payment on November 1, 2022, when due. Compl. ¶ 11; Ans. ¶ 11 (admitting that November 1, 2022 payment was not made when due); McGee Decl., ¶ 10(a);

(2) Mission Ready failed to cure the September 30, 2022 Liquidity Requirement of $900,000.00 by November 19, 2022. McGee Decl., ¶ 10(b), Ex. 1 at §§ 4.4 (Liquidity Requirement), 7.2 (detailing events of default), Ex. 5 at § 3;

(3) Defendants failed to replenish the Reserve Account up to a minimum balance of $800,000.00 within thirty (30) days of October 28, 2022. McGee Decl., ¶ 10(c), Ex. 1 at § 7.2 (detailing events of default), Ex. 3 at § 1.2 (Reserve Account minimum balance and replenishment requirement), Ex. 5 at § 2; and,

(4) Defendants failed to make the monthly Loan payment on December 1, 2022, when due. Compl. ¶ 11; Ans. ¶ 11 (admitting that December 1, 2022 payment was not

**MEMORANDUM DECISION AND ORDER  - 6**

made when due); McGee Decl., ¶ 10(d). *See also* McGee Decl., ¶ 8, Ex. 5 at § 6.2 (Survival of Loan Documents).

Accordingly, Northwest Bank elected to accelerate and demand payment of all amounts due as authorized by the terms of the Loan Documents. McGee Decl., ¶ 11. Northwest Bank has performed all of its obligations and conditions precedent to be performed under the Loan Documents. Compl. ¶ 15; Ans. ¶ 15.

Northwest Bank and Defendants entered into valid and binding obligations under the Loan Documents, which are fully enforceable in accordance with the terms of the Loan Documents. Compl. ¶ 16; Ans. ¶ 16.

Northwest Bank relied on Defendants' representations in the Loan Documents, loaned money to Defendants, and provided additional credit accommodations. Compl. ¶ 17; Ans. ¶ 17.

As of February 2, 2023, the balance due under the Loan was $5,069,263.12, consisting of a principal balance of $4,904,244.94, plus accrued interest of $165,018.18, with interest continuing to accrue at the default rate equal to the Wall Street Journal Prime Rate plus 4.75% ($1,668.81 per diem). Compl. ¶¶ 13, 20; Ans. ¶¶ 13, 20; McGee Decl., ¶ 12, Ex. 2 (Default Interest). Defendants have not paid the outstanding balance due under the terms of the Loan. McGee Decl., ¶ 13.

**MEMORANDUM DECISION AND ORDER - 7**

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, this Court must "view[ ] the facts in the non-moving party's favor." *Id*. To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id*. Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather, the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that preclude summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

Local Rule 7.1(e), governing motion practice in this Court, provides:

> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure will not be deemed a consent to the granting of said motion by the Court. However, if a party fails to properly support an assertion of

**MEMORANDUM DECISION AND ORDER - 8**

> fact or fails to properly address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the Court may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

Dist. Idaho Loc. Civ. R. 7.1(e)(2).

## ANALYSIS

**1.      Defendants' Failure to Appear or Oppose Plaintiff's Motion**

Here, Plaintiff's motion may be granted on both procedural grounds and on the merits. With regard to the former, Defendants were warned that, following the withdrawal of their counsel, Defendants must appoint another attorney to appear and represent them by filing a written notice with the Court within twenty-one days following the filing of proof of service of the Court's order granting withdrawal. Order at 1. (Dkt. 32.) The Court advised Defendants that failure to appear through a newly appointed attorney within the 21-day period was grounds for entry of judgment without further notice. *Id.* at 2.

Defendants have not appeared through an attorney within the 21-day period. Further, prior to withdrawal of counsel, Defendants did not respond to Plaintiff's motion for summary judgment. Accordingly, pursuant to the Court's Order as well as Dist. Idaho Loc. Civ. R. 7.1(e)(2), Defendants' failure to timely respond to Plaintiff's Motion for Summary Judgment is deemed acquiescence to the facts alleged in the motion. The Court

**MEMORANDUM DECISION AND ORDER  - 9**

therefore considers Plaintiff's Statement of Facts as undisputed for purposes of the motion for summary judgment.

2.      **Defendants Fail to Raise Evidence Disputing Any Material Facts**

Under Idaho law, "[t]he elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Mosell Equities, LLC v. Berryhill & Co.*, 297 P.3d 232, 241 (Idaho 2013).

Based upon the undisputed facts set forth above, the Court finds all of the elements of Plaintiff's breach of contract claim are met, and entry of judgment against Defendants is proper.

## CONCLUSION

Based upon a review of the record, the Court finds entry of judgment is proper both on procedural grounds and because there remains no genuine dispute as to any material fact upon which Plaintiff seeks summary judgment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1)      Plaintiff's Motion for Summary Judgment (Dkt. 24) is **GRANTED**.

2)      Plaintiff is ordered to submit a form of judgment for entry by the Court within ten (10) days of this Order.

Dated: **October 05, 2023**

Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 10