UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST BANK, an Idaho chartered bank,<br><br>                    Plaintiff,<br><br>v.<br><br>UNIFIRE, INC., a Washington corporation; and MISSION READY SOLUTIONS, INC., a Canadian Public Traded Company,<br><br>                    Defendants. | Case No. 1:23-cv-00077-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Plaintiff's Motion for Attorney Fees and Costs. (Dkt. 37.) The motion is unopposed, as Defendants failed to appear following their attorney's withdrawal. (Dkt. 32.) The Court entered judgment in favor of Plaintiff, granting its unopposed motion for summary judgment. (Dkt. 24, 35.) Plaintiff now moves for an award of attorney fees in the amount of $30,249.50 and non-taxable costs, excluding the filing fee, in the amount of $192.55.[1] For the reasons that follow, Plaintiff's motion will be granted in part and denied in part.

---

[1] The Clerk taxed costs in the amount of $402.00, representing the filing fee. (Dkt. 39, 41.)

**MEMORANDUM DECISION AND ORDER  - 1**

## BACKGROUND

Plaintiff's motion is made pursuant to Fed. R. Civ. P. 54(d)(2), the terms of the Business Loan Agreement at issue in this matter, and Idaho Code § 12-120(3).

The Business Loan Agreement between Plaintiff and Defendants included a clause permitting Plaintiff, as the lender, to recover all "of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement" of the agreement upon default. (Dkt. 27-1 at 12.) Defendants also agreed to pay the "out-of-pocket costs and expenses" of enforcement of the agreement, including all court costs. *Id.* Default occurred if Defendants failed to pay sums when due, or otherwise failed to comply with the loan terms. *Id.* It is undisputed that Defendants defaulted on the Business Loan Agreement by failing to make monthly payments when due. Mem. Dec. and Ord. at 4 – 7. (Dkt. 35.)

## ANALYSIS

Pursuant to the Business Loan Agreement and Idaho Code § 12-120(3), Plaintiff, as the prevailing party, is allowed to recover a reasonable attorney's fee, to be set by the Court. *See* Idaho Code § 12-120(3) (providing that, "in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs."). Under the statute, "[a] court must award attorney fees to the prevailing party in an action to recover on a 'commercial transaction.'" *Troupis v. Summer*, 148 Idaho 77, 81, 218 P.3d 1138, 1142 (2009) (citations omitted). In this context, "[t]he term 'commercial transaction' is

**MEMORANDUM DECISION AND ORDER - 2**

defined to mean all transactions except transactions for personal or household purposes." Idaho Code § 12-120(3). Here, the Business Loan Agreement entitles Plaintiff to reasonable attorney fees under Idaho Code § 12-120(3).

In light of the parties' agreement and Idaho Code § 12-120(3), the Court must set a "reasonable" fee. The method for determining reasonable attorney fees is the two-step "lodestar method." *Haegar v. Goodyear Tire and Rubber Co.*, 813 F.3d 1233, 1249 (9th Cir. 2016). First, the court must evaluate whether the rates charged and the hours expended by the attorneys were reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The hourly rate and the hours expended are then multiplied to establish an initial estimate of the value of the attorney's fees. *Hensley*, 461 U.S. at 433. This lodestar figure is a presumptively reasonable fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The party seeking fees has the burden of submitting evidence to establish the claimed rates and hours expended are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

The following chart sets forth the hours expended, the hourly rates, and the amount of attorney fees attributable to each timekeeper.

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Ayres, Jason<br>Attorney<br>20 years' experience | 42.9 | $420.00[2] | $17,520.00 |
| Sholian, Maggie<br>Attorney<br>7+ years' experience | 14.2 | $390.00 | $5,538.00 |
| Chamusco, Bianca<br>Attorney<br>5+ years' experience | 3.1 | $380.00 | $1,178.00 |
| Foster, Wendy<br>Paralegal<br>30+ years' experience | 16.3 | $285.00 | $4,654.50 |
| Rhine, Kesarah<br>Paralegal | 5.7 | $240.00 | $1,368.00 |
| | | | $30,249.50 |

The Court has reviewed the time entries Plaintiff submitted; the hourly rates of each timekeeper; and their background and experience. Decl. of Ayres. (Dkt. 38.) Supp. Decl. of Ayres. (Dkt. 43.) Based upon the nature of the litigation, which was not particularly complex; the large sum in controversy; the time spent discussing this matter with opposing counsel;[3] and the time spent preparing various pleadings, documents, and motions in this case, the Court finds the time spent on this matter was reasonable.

---

[2] Mr. Ayres' hourly rate as set forth in his supplemental declaration is $420.00. Using that rate, and multiplying by the hours expended, yields $18,018.00 in attorney fees, a difference of $498.00, or approximately 1.1 hours. No explanation was given for the discrepancy. The Court will therefore use the amount claimed of $17,520.00 in Ayres' first declaration.

[3] Prior to defense counsel's withdrawal, the parties represented they were in discussions regarding a potential resolution of the claim set forth in the Complaint. (Dkt. 16.)

**MEMORANDUM DECISION AND ORDER  - 4**

However, the Court concludes that the hourly rates charged by Plaintiffs' attorneys must be reduced to reflect the prevailing rates in this forum. The test for determining a reasonable hourly rate requires the Court to compare the requested rate to those of lawyers with reasonably comparable skill, experience, and reputation in the relevant market. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997). In making this determination, the Court should take into consideration the *Kerr* factors. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975);[4] *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986). It is the responsibility of the attorney seeking an award to submit evidence showing that the hourly rates are reasonable. *Hensley*, 461 U.S. at 433. It is not an abuse of discretion for the Court to rely, in part, on its own knowledge and experience in determining a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiff was represented by Foster Garvey, a firm located in Portland, Oregon, whose attorneys are licensed in Idaho. Upon review of the hourly rates, it is clear to the Court based upon its experience that the hourly rates are not reflective of the prevailing rates charged in the District of Idaho for attorneys and legal professionals of commensurate skill and experience. Other than setting forth the attorneys' and legal

---

[4] *Kerr* sets forth the following factors for consideration (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. 526 F.2d at 69 – 70.

**MEMORANDUM DECISION AND ORDER - 5**

professionals' experience, Plaintiff made no effort to compare the hourly rates requested to those typically charged by Idaho attorneys and their professional staff.

The general rule is that fee awards are calculated using the prevailing market rates in the forum district. *Gates v. Deukmejiam*, 987 F.2d 1392, 1405 (9th Cir. 1992). Rates outside the forum may be used "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Gates*, 987 F.2d at 1405. Before the Court may consider an award of fees at a rate exceeding the local prevailing rate, counsel must provide some detail as to the efforts made to find local representation. Here, no detail was provided. The Court therefore finds Plaintiff has not carried its burden to justify the hourly rates requested.

The Court has reviewed recent attorney fee requests and orders pertaining to attorney fee awards. *See, e.g.*, *Campbell v. Union Pac. R.R. Co.*, No. 4:18-cv-00522-BLW, 2022 WL 43878, at *4 (D. Idaho Jan. 4, 2022) (Senior Partner and Partner $325; Senior and Junior associates $250; legal professionals $120); *Shepler v. Reliance Std. Life Ins. Co.*, No. 2:21-cv-00299-CWD, (D. Idaho June 13, 2023) (Mem. Decision and Order, Dkt. 61) (Senior Partner $350 - $425; Junior Partner $350; Associate $265; paralegal $135); Mot. for Attorney Fees, (Dkt. 124), *Ivanov v. Fitness Elite Training Center, Inc.*, No. 1:20-cv-00380-CWD, (D. Idaho Oct. 20, 2023) (Senior Partner $400; Junior Partner $325; and Paralegal $175 requested).

**MEMORANDUM DECISION AND ORDER  - 6**

Based upon the above authorities, the table below more accurately represents the prevailing rates of attorneys and legal professionals practicing in the District of Idaho with commensurate experience to those of Plaintiff's counsel:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Ayres, Jason<br>Attorney<br>20 years' experience | 42.9 | $400.00 | $17,160.00 |
| Sholian, Maggie<br>Attorney<br>7+ years' experience | 14.2 | $325.00 | $4,615.00 |
| Chamusco, Bianca<br>Attorney<br>5+ years' experience | 3.1 | $265.00 | $821.50 |
| Foster, Wendy<br>Paralegal<br>30+ years' experience | 16.3 | $175.00 | $2,852.50 |
| Rhine, Kesarah<br>Paralegal | 5.7 | $135.00 | $769.50 |
| | | | $26,218.50 |

To account for the billing adjustment of $498.00, *see n.2, supra*, the Court will reduce the total by one hour at Mr. Ayres' adjusted hourly rate, for a total award of attorney fees of $25,818.50.

Plaintiff also requested reimbursement of non-taxable costs in the amount of $192.55, which is comprised of $175 for messenger fees and $17.55 in overnight shipping/postage fees. (Dkt. 38 at 9.) The Court may award to the prevailing party pursuant to Fed. R. Civ. P. 54, as part of the award of attorney fees, "those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" *Goff v. Washington County, et al.*, Case No. CV 03-268-MHW, 2006 WL 1128222 at *5 (April 10, 2006).

**MEMORANDUM DECISION AND ORDER - 7**

But the decision to award costs pursuant to Fed. R. Civ. P. 54(d)(1) is a discretionary decision that resides with the district court. *Semmaterials, L.P. v. Alliance Asphalt, Inc.*, No. CV 06-320-S-LMB, 2007 WL 676675 at *4 (D. Idaho March 1, 2007) (citing *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996)).

Here, the parties' agreement encompassed the recovery of "Lender's costs and expenses…incurred in connection with the enforcement" of the agreement upon default. (Dkt. 27-1 at 12.) However, Plaintiff did not provide evidentiary support for these costs as requested by the Court and as required by Dist. Idaho Loc. Civ. R. 54.2. (Dkt. 42.) Nor did counsel provide the required declaration that these costs would normally be charged to a fee-paying client. Accordingly, in the exercise of the Court's discretion, Plaintiff's request for non-taxable costs will be denied.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion for Attorney Fees and Costs (Dkt. 37) is **GRANTED IN PART AND DENIED IN PART**.

2) Plaintiff is awarded $25,818.50 in attorney fees.

3) Plaintiff's request for $192.55 in non-taxable costs is **DENIED**.

4) The Court will enter an Amended Judgment.

Dated: **November 27, 2023**

Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 8